UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RUBEN DOMINGUEZ,** *Plaintiff* | § § § |
| v. | §   No. 1:23-CV-01426-DH |
| **HOME DEPOT U.S.A., INC.,** *Defendant* | § § § § |

# ORDER

Before the Court is Defendant Home Depot U.S.A., Inc.'s ("Home Depot") motion for summary judgment, Dkt. 34. After considering the motion, the record, and the relevant law, the Court grants in part and denies in part the motion.

## I. BACKGROUND

Plaintiff Ruben Dominguez alleges that while he was shopping for fence posts in a Home Depot store in Georgetown, Texas, "a feeble cable line above [Dominguez] that was holding fence posts broke," causing the vertically stored posts to fall on Dominguez and injure him. Dkt. 1-2, at 4. Dominguez sued Home Depot in Texas state court, asserting a premises-liability claim and a negligence claim. *Id.* at 5. Home Depot removed the case to this Court based on diversity jurisdiction. Dkt. 1. Home Depot then moved for summary judgment, arguing that no genuine issues of material fact preclude judgment in its favor on Dominguez's claims. Dkt. 34. Dominguez opposed Home Depot's motion. Dkt. 35.

1

## II.     LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported

speculation are not competent summary-judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.   DISCUSSION

#### A. Premises Liability

Dominguez demonstrates a genuine issue of material fact as to his premises-liability claims. *See Matsushita*, 475 U.S. at 586. Under Texas law, premises owners generally "have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017) (citation omitted). But an owner "generally has no duty to warn of hazards that are open and obvious or known to the invitee." *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 204 (Tex. 2015). To prevail on a premises-liability claim, a plaintiff must show:

(1) The property owner had actual or constructive knowledge of the condition causing the injury;

(2) The condition posed an unreasonable risk of harm;

(3) The property owner failed to take reasonable care to reduce or eliminate the risk; and

(4) The property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of the plaintiff's injuries.

*McCarty*, 864 F.3d at 358 (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014)).

First, Home Depot asserts that no unreasonably dangerous condition existed. Dkt. 34, at 6; *see McCarty*, 864 F.3d at 358. Rather, Home Depot argues that Dominguez created the condition when he "somehow caused the fence posts … to fall when he removed some of them." *Id.* Dominguez admits that he removed a cable from in front of the fence posts before he began removing them from their bay for purchase. *See, e.g.*, Dkt. 34-1, at 9. Home Depot argues that it is not liable because Dominguez—not Home Depot—created the allegedly dangerous condition, yet Texas law does not bar a plaintiff who allegedly contributes to the creation of an unreasonably dangerous condition from recovery. *See* Dkt. 34, at 6-7; *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 772 (Tex. 2010) ("A plaintiff's own risky conduct is now absorbed into the allocation of damages through comparative responsibility."). Because Dominguez's alleged contribution is irrelevant to the question of whether an unreasonably dangerous condition existed, summary judgment may not be granted on this basis.

To the extent Home Depot argues that its storage of the fence posts (vertically, with cables stretched across) was not an unreasonably dangerous condition, the Court is skeptical that Home Depot has made a showing that there is no evidence to support

4

Dominguez's case on this point. *See Matsushita*, 475 U.S. at 586. Even if it has made the required showing, Dominguez has come forward with competent summary-judgment evidence of the existence of a genuine issue of material fact as to the dangerousness of the fence storage. *See id.* Dominguez points out that Home Depot's vertical-stacking storage method is not common to all stores and suggests that in some locations, the practice of laying posts flat is related to "safety." Dkt. 35-3, at 12. Viewed in the light most favorable to Dominguez, this evidence creates a genuine issue of material fact. *Washburn*, 504 F.3d at 508. Therefore, the Court declines to grant summary judgment on the issue of whether there was an unreasonably dangerous condition.

Home Depot next argues that Dominguez has failed to demonstrate a genuine issue of material fact as to the first element, contending that he can neither show actual nor constructive knowledge on the part of Home Depot. Dkt. 34, at 6-7. A plaintiff may satisfy the notice element by establishing that (1) the defendant created the allegedly dangerous condition; (2) the defendant actually knew that the allegedly dangerous condition existed; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *Duncan v. First Tex. Homes*, 464 S.W.3d 8, 16 (Tex. App.—Fort Worth 2015, pet denied) (applying the *Reece* standard to a case not involving a slip-and-fall). To prove any of these three propositions, a plaintiff may rely on either direct or circumstantial evidence. *Garcia v. Wal-Mart Stores Tex., L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018).

Dominguez's evidence creates a genuine issue of material fact as to Home Depot's knowledge as well. *See Matsushita*, 475 U.S. at 586. Initially, the evidence suggests that Home Depot created the allegedly dangerous condition when it stacked the fences vertically instead of horizontally, that Home Depot actually knew that the condition existed, and that the condition existed long enough for Home Depot to discover it.[1] Dkt. 35-3, at 12; *Reece*, 81 S.W.3d at 814. Further, Home Depot's employee testified that he greeted Dominguez and saw him removing the safety cable as the employee walked down the aisle. Dkt. 35-1, at 16-17; *Reece*, 81 S.W.3d at 814. In the light most favorable to Dominguez, this evidence suggests that Home Depot, through its employee, had actual knowledge and the opportunity to discover the condition. The Court therefore denies Home Depot's motion for summary judgment as to the knowledge issue.

**B. Negligence**

Home Depot moves for summary judgment as to Dominguez's negligence claims on the grounds that Dominguez's case is based on "premises defects," not "negligent activities." Dkt. 34, at 8. Dominguez offers no evidence that his injuries

---

[1] This proposition that an allegedly dangerous condition must have existed long enough for the defendant to discover it is often referred to as the "time-notice rule." *Reece*, 81 S.W.3d at 816. To determine whether a premises owner had constructive knowledge via the time-notice rule, courts may consider "the combination of (1) the length of the time the hazard existed, (2) the proximity of employees to the hazard, and (3) the conspicuousness of the hazard." *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 479 (5th Cir. 2022) (citing *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006)). Given that the hazard had presumably been in place since Defendant stacked the posts, that an employee was in close proximity to the posts, *see* Dkt. 35-1, at 16-17, and the stacking was clearly visible and conspicuous, the Court concludes that there is, at a minimum, a genuine issue of material fact as to Defendant's constructive knowledge via the time-notice rule.

6

were caused by any activity. *See* Dkt. 35. Rather, Dominguez argues that Home Depot *failed to* "implement adequate safety measures," "provide clear signage," or "provide … training to employees." *Id.* at 6, 7. He adds that Defendant's employee also failed to "offer … assistance" to Dominguez. *Id.*

The Supreme Court of Texas has held that "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago*, 307 S.W.3d at 776. Courts applying Texas law routinely reject general negligence claims based on nonfeasance. *See, e.g.*, *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) (affirming the trial judge's refusal to submit plaintiff's negligence theory to the jury because "there was no ongoing activity when [plaintiff] was injured"); *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 473 (Tex. 2017) (holding that plaintiff could not bring a negligence claim where "the only fair reading of [plaintiff's] allegations [was] that his injury resulted from a physical condition left on the property"); *Vasquez v. Home Depot U.S.A., Inc.*, No. 23-20457, 2024 WL 1597756, at *3 (5th Cir. Apr. 12, 2024) (affirming summary judgment on plaintiff's negligence claim where he tripped on a hazard on the floor because plaintiff's injury "did not result from [defendant's] contemporaneous conduct").

Further, to the extent Dominguez argues that Home Depot was negligent in affirmatively creating the dangerous condition, the Supreme Court of Texas is clear that "premises-liability principles apply to a property owner who creates a dangerous

7

condition on its property, and [] the claim of a person injured by the condition remains a premises-liability claim as to the owner-creator[.]" *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 648 (Tex. 2016). Creative pleading cannot save Dominguez's negligence claim. *See id.*; *Levine*, 537 S.W.3d at 480.

Because Dominguez fails to present any evidence suggesting he was injured by any activity of Home Depot, he cannot demonstrate a genuine issue of material fact as to an essential element of his negligence claim. *Celotex*, 477 U.S. at 322-23. The Court grants summary judgment as to that claim.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment, Dkt. 34. Specifically, the Court **GRANTS** summary judgment as to Dominguez's negligence claim and **DENIES** the motion as to his premises-liability claim.

**SIGNED** March 10, 2025.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE